### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BRUCE HORMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | CASE NO: 07-455-DRH |
| | ) | |
| LAFARGE NORTH AMERICA, INC., a | ) | |
| corporation, | ) | |
| | ) | **PLAINTIFF REQUESTS TRIAL** |
| Defendant. | ) | **BY JURY OF TWELVE** |

### COMPLAINT

#### COUNT I
#### DISABILITY DISCRIMINATION
#### (Bruce Horman v. Lafarge North America, Inc., a corporation)

NOW COMES the Plaintiff, Bruce Horman, by and through his attorneys, Thomas C. Rich, P.C., and complains against the Defendant, Lafarge North America, Inc., a corporation, as follows:

1.  This Court has jurisdiction of this case pursuant to Section 107 of the Americans with Disabilities Act (ADA), 42 U.S.C.A. §12117, pursuant to 28 U.S.C.A. §1331, and pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e, *et seq.*

2.  This action properly lies in this district pursuant to 28 U.S.C.A. §1391 because the claim arose in this judicial district.

3.  Plaintiff is disabled in that he sustained permanent disability to his back which substantially limits one or more of

his major life activities, he has a record of this disability which was known to Defendant, and he is perceived as disabled by Defendant due to his disability.

4.  The Defendant, Lafarge North America, Inc., is engaged in an industry affecting commerce and, at all times pertinent hereto, was an employer within the meaning of 42 U.S.C.A. §12111 and 42 U.S.C.A. §2000e(b).

5.  Plaintiff has complied with all administrative prerequisites by filing a timely Charge of Discrimination based on employment discrimination on the basis of his physical disability with the E.E.O.C. on or about June 15, 2005 more than 60 days before this the filing of this lawsuit.  A copy of the Charge is attached as Plaintiff's Group Exhibit #1.

6.  On or about April 26, 2007, Plaintiff received his Notice of Right to Sue from the E.E.O.C.  See Plaintiff's Group Exhibit #1.

7.  Plaintiff was hired on June 1, 1987 by the Defendant, Lafarge North America, Inc., as a repairman.

8.  At all times pertinent hereto, Plaintiff performed his job in a satisfactory manner.

9.  On February 9, 2006, Plaintiff was denied work by Defendant on the basis of his disability, record of disability and perceived disability, and was ultimately terminated on July 10, 2006.

10.  That the Plaintiff is a qualified individual with a

2

disability in that he is able to perform, with or without reasonable accommodations, the essential functions of his former position and others available with the Defendant, although he is disabled, has a record of disability, and is regarded as being disabled.

11. That continued employment of Plaintiff, in light of his disability, record of disability, and perceived disability would not have presented an undue hardship on Defendant.

12. By failing to accommodate and terminating Plaintiff, in light of his qualifications and satisfactory performance, Defendant and its agents have willfully and intentionally discriminated against Plaintiff on the basis of his physical disability, his record of disability, and Defendant's perception of Plaintiff being disabled.

13. As a result of the unlawful and willful acts complained of herein, Plaintiff has suffered loss of employment, wages, benefits, and other compensation.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order granting the Plaintiff the following:

a. Reasonable accommodation and return to employment with Lafarge North America, Inc., with all back pay, employee benefits, and pension benefits;

b. If no comparable position is available, then an award for front pay and all prospective lost benefits;

c. An award for compensatory and punitive damages, attorneys' fees and costs and any other relief this court deems appropriate.

**PLAINTIFF DEMANDS TRIAL**
**BY JURY OF TWELVE**

**COUNT II**
**RETALIATION - TITLE VII**
**(Bruce Horman v. Lafarge North America, Inc., a corporation)**

NOW COMES the Plaintiff, Bruce Horman, by and through his attorneys, THOMAS C. RICH, P.C., and complains against the Defendant, Lafarge North America, Inc., a corporation, as follows:

1.   This is an individual employment discrimination action seeking monetary damages because of the conduct of Defendant which constitutes retaliation in violation of the rights of the Plaintiff, Bruce Horman, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e *et seq.*, as amended.

2.   Jurisdiction of this Court is proper pursuant to 28 U.S.C. §1331 and §1343(a)(4) and 42 U.S.C. §2000e-5.

3.   The Defendant, Lafarge North America, Inc., a corporation, is engaged in an industry affecting commerce and, at all times pertinent hereto, was an employer within the meaning of 42 U.S.C.A. §12111 and 42 U.S.C.A. §2000e(b).

4.   Plaintiff has complied with all administrative prerequisites by filing a timely Charge of Discrimination based on employment discrimination on the basis of retaliation with the E.E.O.C. on or about June 15, 2006 more than 60 days before this the filing of this lawsuit.  A copy of the Charge is attached as Group Exhibit #1.

5.   On or about April 26, 2007, Plaintiff received his Notice of Right to Sue from the E.E.O.C.   See Plaintiff's Group Exhibit #1.

6.   Defendant subjected Plaintiff, Bruce Horman, to harassment, unequal treatment, discrimination, and unlawful conduct based upon disability and age during the course of his employment by Defendant.

7.   Plaintiff informed Defendant of numerous instances of harassment, unequal treatment, discrimination and unlawful conduct in his employment in writing and orally, including the filing of grievances.

8.   Defendant then retaliated against Plaintiff by continuing to harass him, treat him unfairly, discriminate against him and subject him to unlawful conduct in his employment, ultimately terminating his employment on July 10, 2006.

9.   The acts of Defendant as set forth above constitute retaliation in violation of 42 U.S.C. Section 2000(e) et. seq., as amended.

10.   As a direct and proximate result of the actions and conduct of Defendant, Plaintiff has suffered and will continue to suffer lost wages and income and benefits, lost back pay and front pay, loss of job opportunities and advancement now and in the future, emotional and mental injury, pain, suffering, anguish, and distress, inconvenience, loss of reputation,

embarrassment, loss of enjoyment of life and other non-pecuniary losses.

11.  The acts of the Defendant were done willfully and with malice or reckless disregard for the rights of the Plaintiff.

WHEREFORE, plaintiff, Bruce Horman, prays judgment against defendant, Lafarge North America, Inc., a corporation, in such sum as shall reasonably compensate him for his losses as set forth above, together with punitive damages, pre-judgment interest, and costs, including reasonable attorney's fees.

<u>**COUNT III**</u>
**RETALIATORY DISCHARGE - ILLINOIS WORKERS' COMPENSATION ACT**
**(Bruce Horman v. Lafarge North America, Inc., a corporation)**

NOW COMES the Plaintiff, Bruce Horman, by and through his attorneys, Thomas C. Rich, P.C., and complains against the Defendant, Lafarge North America, Inc., a corporation, as follows:

1.  This court has jurisdiction of this case pursuant to Section 7 of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §626, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, and pursuant to 28 U.S.C. §1331.

2.  Jurisdiction of this Court is proper pursuant to 28 U.S.C. §1331 and §1343(a)(4) and 42 U.S.C. §2000e-5.

3.  Plaintiff was born on January 6, 1962 and is now 45 years of age.

4.  The Defendant, Lafarge North America, Inc., a

corporation, is engaged in an industry affecting commerce and, at all times pertinent hereto, was an employer within the meaning of 29 U.S.C. §630 and 42 U.S.C. §2000e(b).

4.    Plaintiff has complied with all administrative prerequisites by filing a timely Charge of Discrimination based on employment discrimination on the basis of age with the E.E.O.C. on or about June 15, 2006 more than 60 days before this the filing of this lawsuit.  A copy of the Charge is attached as Group Exhibit #1.

5.    On or about April 26, 2007, Plaintiff received his Notice of Right to Sue from the E.E.O.C.  <u>See</u> Plaintiff's Group Exhibit #1.

6.    Plaintiff was hired on June 1, 1987, and at all times pertinent hereto, Plaintiff performed his job with Defendant in a satisfactory manner.

7.    On July 10, 2006, Plaintiff was terminated and his job duties were assumed by a younger employee.

8.    By terminating Plaintiff, Defendant and its agents have willfully and intentionally discriminated against Plaintiff on the basis of his age.

9.    Further, by terminating Plaintiff's employment, Defendant knew and/or showed reckless disregard for the matter of whether its conduct violated the ADEA.

10.  As a result of the unlawful and willful acts complained of herein, Plaintiff suffered loss of employment, wages, benefits and other compensation.

WHEREFORE, Plaintiff, Bruce Horman, prays judgment against defendant, Lafarge North America, Inc., a corporation, and respectfully requests that this Court enter an order granting Plaintiff the following:

    a.  Reinstatement to his former position, with all back pay, employee benefits, and pension benefits;

    b.  If no comparable position is available, then an award for front pay and all prospective lost benefits;

    c.  award for liquidated damages, attorneys' fees and costs, and any other relief this Court deems appropriate.

**PLAINTIFF DEMANDS TRIAL**
**BY JURY OF TWELVE**

**COUNT IV**
**RETALIATORY DISCHARGE - ILLINOIS WORKERS' COMPENSATION ACT**
**(Bruce Horman v. Lafarge North America, Inc., a corporation)**

Now comes the Plaintiff, Bruce Horman, by and through his attorneys, Thomas C. Rich, P.C., and for his cause of action against the Defendant, Lafarge North America, Inc., a corporation, respectfully represents unto the Court as follows:

1.  That the Defendant, Lafarge North America, Inc., was at all times relevant hereto in the manufacturing business located in the City of Grand Chain, County of Pulaski, State of Illinois.

2.  That the Plaintiff, Bruce Horman, is a citizen of the City of Metropolis, County of Massac, State of Illinois.

3.  That from June 1, 1987 and continuously until July 10,

2006, the Plaintiff was an employee of the Defendant, Lafarge
North America, Inc..

    4.    That on June 4, 2003, the Plaintiff, Bruce Horman,
sustained accidental injuries arising in and out of the course
and scope of his employment with the Defendant, causing him
severe and permanent injuries.

    5.    That on or about June 4, 2003, the Plaintiff, Bruce
Horman, reported his injury to his employer and, at all times
thereafter, exercised his rights under the Illinois Workers'
Compensation Act, by filing a claim, seeking medical treatment,
taking time off work, and receiving benefits.

    6.    That on July 10, 2006, the Plaintiff was terminated
from his employment with the Defendant in retaliation for
exercising his rights under the Illinois Workers' Compensation
Act when he was terminated under the pretext of inability to
provide him to work but was actually terminated due to his
exercise of rights under the Illinois Workers' Compensation Act.

    7.    That as a direct and proximate result of the Defendant
intentionally terminating the Plaintiff in retaliation for
exercising his rights under the Illinois Workers' Compensation
Act, the Plaintiff has been injured as follows:

    a.    He has lost substantial wages which he would have
otherwise earned from the Defendant, and will continue
to lose wages in the future;

    b.    He has lost insurance coverage and other benefits; and

    c.    He has experienced pain and suffering and emotional
distress.

**WHEREFORE**, the Plaintiff, Bruce Horman, prays judgment against the Defendant, Lafarge North America, Inc., a corporation, for a fair and just award in excess of Fifty Thousand Dollars ($50,000.00) plus costs of this suit.

**PLAINTIFF DEMANDS TRIAL
BY JURY OF TWELVE**

**COUNT V
RETALIATORY DISCHARGE - ILLINOIS WORKERS' COMPENSATION ACT
PUNITIVE DAMAGES
(Bruce Horman v. Lafarge North America, Inc., a corporation)**

Now comes the Plaintiff, Bruce Horman, by and through his attorneys, Thomas C. Rich, P.C., and for his cause of action against the Defendant, Lafarge North America, Inc., a corporation, respectfully represents unto the Court as follows:

1.    That the Defendant, Lafarge North America, Inc., a corporation, was at all times relevant hereto in the social services business located in the City of Grand Chain, County of Pulaski, State of Illinois.

2.    That the Plaintiff, Bruce Horman, is a citizen of the City of Metropolis, County of Massac, State of Illinois.

3.    That from June 1, 1987 and continuously until February 9, 2006, the Plaintiff was an employee of the Defendant, Lafarge North America, Inc., a corporation.

4.    That on June 4, 2003, the Plaintiff, Bruce Horman, sustained accidental injuries arising in and out of the course and scope of his employment with the Defendant, causing him

severe and permanent injuries.

5.    That on or about June 4, 2003, the Plaintiff, Bruce Horman, reported his injury to his employer and, at all times thereafter, exercised his rights under the Illinois Workers' Compensation Act, by filing a claim, seeking medical treatment, taking time off work, and receiving benefits.

6.    That the Defendant willfully and intentionally terminated Plaintiff from his employment under the pretext of an inability to provide him work, although there were positions available with Defendant that were never offered Plaintiff. Defendant terminated Plaintiff intentionally evidencing its malice, willfullness, oppression, and gross negligence as to the rights of the Plaintiff.

7.    That on June 4, 2003, the Plaintiff was willfully and intentionally terminated from his employment with the Defendant in retaliation for exercising his rights under the Illinois Workers' Compensation Act when he was terminated under the pretext of unavailability of work but was actually terminated due to his exercise of rights under the Illinois Workers' Compensation Act.

8.    That as a direct and proximate result of the Defendant intentionally terminating Plaintiff in retaliation for exercising her rights under the Illinois Workers' Compensation Act, the Plaintiff has been injured as follows:

    a.    He has lost substantial wages which she would have otherwise earned from the Defendant, and will continue

to lose wages in the future;

b.     He has lost insurance coverage and other benefits; and

c.     He has experienced pain and suffering and emotional distress.

**WHEREFORE**, the Plaintiff, Bruce Horman, prays judgment against the Defendant, Lafarge North America, Inc., a corporation, for a fair and just award in excess of Fifty Thousand Dollars ($50,000.00) in punitive damages plus costs of this suit.

**PLAINTIFF DEMANDS TRIAL
BY JURY OF TWELVE**

                         Respectfully Submitted,


                         s/Thomas C. Rich
_____                  _____

                         Bruce Horman
                         BY:  Thomas C. Rich
                              Jennifer L. Barbieri

THOMAS C. RICH, P.C.
Attorneys at Law
Thomas C. Rich, #06186229
Jennifer L. Barbieri, #06278959
Attorney at Law
6 Executive Drive, Suite 3
Fairview Heights, IL  62208
(618) 632-0044
FAX:  (618) 632-0044
E-MAIL:  tomrich@tomrichlaw.com